IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| DANNY RAY SESSOMS | § | |
| #86-435 | § | |
| | § | |
| V. | § | A-04-CA-131-SS |
| | § | |
| WILLIAMSON COUNTY SHERIFF'S | § | |
| OFFICE and WILLIAMSON COUNTY | § | |
| JAIL | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Williamson County Jail. Plaintiff alleges in January 2004 death threats were made against his family by Keith Hooper, a known member of the Aryan Brotherhood. Plaintiff complains no one from the Williamson County Sheriff's Office ever contacted his wife to alert her to the danger and did not

1

obtain a temporary restraining order. Plaintiff requests a special investigator be appointed to assure Keith Hooper is prosecuted and a temporary restraining order is obtained. He sues the Williamson County Sheriff's Office and the Williamson County Jail.

## DISCUSSION AND ANALYSIS

A.  <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B.  <u>Entities Not Capable of Being Sued</u>

The Williamson County Sheriff's Office and the Williamson County Jail are not legal entities capable of being sued. <u>See</u>, <u>Guidry v. Jefferson County Detention Center</u>, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); <u>Darby v. Pasadena Police Dep't</u>, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).

Ordinarily, the Court would construe Plaintiff's claims as if they were brought against Williamson County. However, Plaintiff has failed to allege a constitutional violation.

Plaintiff requests that a special investigator be appointed to prosecute Keith Hooper and to obtain a temporary restraining order. However, Plaintiff does not have a constitutional right to have someone criminally prosecuted. Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990). Additionally, he or his wife is responsible for obtaining a temporary restraining order in state court. As such, Plaintiff has failed to state a claim upon which relief may be granted in this civil rights lawsuit.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

3

injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

The clerk is directed to mail a copy of this Report and Recommendation to all parties by return mail, receipt requested.

SIGNED this 12th day of March, 2004.

*/s/ Andrew W. Austin*
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE